UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of INDIANA

CASE NO. _____

| | |
|---|---|
| JMC PROPERTY GROUP, LLC; KIPCOR 219 LLC; JOEY KIMBROUGH, *Plaintiffs*, v. FORTUNE COMPANIES, INC.; WILLIAM CHARLES MENGES JR.; THOMAS JOSEPH HILLIGOSS JR.; JEFFREY WALTER ELFTMAN; DAVID JOSEPH JURKIEWICZ, *Defendants*. | **COMPLAINT** 1:23-cv-00390-JPH-MPB |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

COME NOW, JMC PROPERTY GROUP, LLC, KIPCOR 219 LLC, and JOEY KIMBROUGH, Pro Se (collectively hereafter, "Plaintiffs"), would allege and state the following:

## I. INTRODUCTION

1. This is a complaint for injunctive and declaratory relief challenging the seizure of real property pursuant to Indiana Code ("IC") § 34-9-1-1(c).

2. The Fourteenth Amendment to the United States Constitution guarantees Due Process.

3. IC § 34-9-1-1(c) violates Due Process and is therefore unconstitutional because it allows the executive branch to seize and dispose of real property without the true party in interest being heard in a court of law.

4. This cause of action includes an Indiana state court case in which Plaintiffs have and continue to suffer actual damages as a result of Constitutional rights deprivation (due process) at the hand of IC § 34-9-1-1(c).

5. The Indiana state court case is filed in Howard Superior Court under the cause number **34D01-1904-MF-001144** – titled *Fortune Companies, Inc. v. Kipcor 219, LLC, et. al.*

6. On the day after this filing a courtesy letter was sent to the Indiana Attorney General notifying him of this suit and informing him of challenges to the constitutionality of an Indiana statute (with specificity "IC § 34-9-1-1(c)") certified with a USPS tracking number 7021 0950 0001 4171 6233.

## II.   JURISDICTION AND VENUE

7. This lawsuit arises under 42 U.S.C. § 1983 to redress the deprivation of rights, privileges and immunities secured by the United States Constitution.

8. This Court has jurisdiction to enter declaratory relief pursuant to 28 U.S.C. § 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

9. This Court has jurisdiction to enter injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.

10. The venue is proper in the Southern District of Indiana, Indianapolis Division, pursuant to 28 U.S.C. § 1391(b), which allows for an action to be brought in the district where the Defendants reside or in which the cause of action arose. This cause of action arose in Howard County, Indiana. Additionally, Defendants are in Howard County or transact business within Howard County, Indiana, in the Southern District of Indiana, Indianapolis Division.

### III.   PARTIES

11. Plaintiff Joey Kimbrough ("Kimbrough") is an adult resident of Howard County, Indiana.

12. Plaintiff JMC Property Group, LLC ("JMC"), is an Indiana Limited Liability Corporation authorized to do business in the State of Indiana.

13. Plaintiff KIPCOR 219 LLC ("KIPCOR") is a for-profit limited liability corporation authorized to do business in the State of Indiana.

14. Defendant Fortune Companies, Inc. is an Indiana Corporation with a principle office in Howard County, Indiana.

15. Defendant David J. Jurkiewicz ("Jurkiewicz") is an Indiana licensed attorney (attorney no. 18018-53) with a principle office at 111 Monument Circle, Suite 2700, Indianapolis, IN 46204.

16. Defendant William Charles Menges Jr. ("Menges") is an Indiana licensed attorney (attorney no. 9143-34) with a principle office and residence in Howard County, Indiana.

17. Defendant Thomas Joseph Hilligoss Jr. ("Hilligoss") is an Indiana licensed attorney (attorney no. 7531-34) with a principle office and residence in Howard County, Indiana.

18. Defendant Jeffrey W. Elftman ("Elftman") is an Indiana licensed attorney (attorney no. 29903-34) with a principle office at 100 N. Washington St., Suite B, Kokomo, IN 46901.

## IV.  FACTUAL ALLEGATIONS

19. On 4/17/2019 attorney Hilligoss filed a Mortgage Foreclosure cause of action on behalf of Fortune Companies ("Fortune"), Inc. under cause no. 34D01-1904-MF-001144.  This cause of action was titled Fortune Companies, INC. v. JMC Property, LLC, et. al.

20. Between the filing of the case by Plaintiff and 3/25/2022 there were several pleadings and papers filed in this complex legal action.

21. On 3/25/2022 JMC PROPERTY GROUP LLC and KIPCOR 219, LLC filed a *Response and Motion to Dismiss* by Joey Kimbrough as (member of JMC PROPERTY GROUP, LLC and MANAGING MEMBER KIPCOR 219, LLC) *See Motion.*

22. The *Motion* referred to in rhetorical paragraph 40 was in response to an earlier filing by Fortune Companies, Inc ("Fortune").  Fortune's filing stated "JMC was served with a copy of Plaintiff's Complaint on April 29, 2019".  Defendant Kimbrough's reply "Denied.  Summons was issued to JMC Property, LLC which is owned by James D. Corey with a principle address in

Bedford, Indiana (Exhibit A). Under Indiana Trial Rule 12 (B)(4) Insufficency of process and 12(B)(6) Failure to state a claim upon which relief can be granted…".

23. On 4/29/2022 Defendants JMC PROPERTY GROUP LLC and KIPCOR 219, LLC, by Joey Kimbrough (member JMC PROPERTY GROUP, LLC and MANAGING MEMBER KIPCOR 219, LLC) filed a *Motion for Leave from Order and to Answer Amended Complaint*.

24. On 6/3/2022 Defendants JMC PROPERTY GROUP LLC, and KIPCOR 219, LLC, by Joey Kimbrough (member JMC PROPERTY GROUP, LLC and MANAGING MEMBER KIPCOR 219, LLC) filed a *Notice for Failure to Rule on Motion and Motion to Transfer*. Notice was filed pursuant to Indiana Trial Rule 53.1 – failure to rule on a motion. Defendant further stated "defendant(s) believe it is their right to be heard in this court for the matters presented before this court. Further, the Court has failed to move on the MOTION FOR LEAVE TO AMEND filed by defendant on 4/29/2022". *See Notice/Motion*. Defendants' prayer in this Motion was "defendant prays that this Court will withdraw this Motion from Honorable Judge Menges and transfer to the Supreme Court for the appointment of a special judge."

25. On 6/21/2022 Plaintiff Fortune Companies, Inc. through attorney Hilligoss filed *a MOTION TO STRIKE: (1) MOTION FOR LEAVE FROM ORDER AND TO ANSWER AMENDED COMPLAINT; (2) NOTICE OF MOTION TO VACATE PARTIAL DEFAULT JUDGMENT AS TO DEFENDANTS JOEY*

*KIMBROUGH AND JMC PROPERTY GROUP, LLC; AND (3) NOTICE FOR FAILURE TO RULE ON MOTION AND MOTION FOR TRANSFER.* Plaintiff's motion clearly states "JMC Property Group, LLC, and Kipcor 219, LLC, are limited liability companies and not individuals." (See Plaintiff's motion ¶ 4). Plaintiff's motion further states "**Pursuant to Indiana Code 34-9-1-1(c)**, corporations and limited liability companies cannot represent themselves in legal proceedings, other than certain small claims matters, without counsel." (See Plaintiff's motion ¶ 5).

26. Kimbrough believes that Fortune Companies, Inc. and attorney Hilligoss through invoking IC 34-9-1-1(c) knowingly and willingly violated Kimbrough's Fourteenth Amendment Right of due process.

27. On 6/22/22 Plaintiff Fortune Companies, Inc., through attorney Hilligoss filed a *Motion for Leave to File Second Amended Complaint*. In that Motion, among other things, removed JMC Property, LLC, and added the true party of interest JMC Property Group, LLC. (See Plaintiff's Motion ¶¶ 1, 5, and 6). Further, Plaintiff's prayer was "Plaintiff requests that the Court enter an Order granting leave to file a Second Amended Complaint: (1) removing "JMC Property, LLC" from the case caption and adding "JMC Property Group, LLC" as a party Defendant" and "that all Defendants shall have twenty (20) days after being served with a copy of such Second Amended Complaint to respond thereto."

28. On 6/28/2022 JMC Property Group, LLC, Kipcor 219, LLC, and Joey Kimbrough filed a Judicial Notice and Constitutional Question with the Court pursuant to Indiana Rules of Evidence Rule 201 (C). Among other things Defendants said "Take Judicial Notice. The United States Constitution as outlined in the 5th and 14th amendments quite clearly states "…nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of laws. Further, the 4th amendment clearly states, "The right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated…". (See Defendants' Notice ¶ 1). Further, "Take Judicial Notice. Defendant alleges that Plaintiff through counsel is attempting to use this honorable court to seize defendant(s) property without due process of law in a simulated legal process" (See Defendants' Notice ¶ 2). Lastly, "Take Judicial Notice. On 6/22/22 Plaintiff's counsel filed a Motion to Strike Defendant(s) Motions on the grounds of IC 34-9-1-1(c) that Kimbrough should not be allowed to represent himself in these proceeding." Defendants prayer among other things asked the Court to "certify the Constitutional Question(s) posed by the Defendant Kimbrough pursuant to 28 U.S.C. § 2403"

29. As an attachment to the Judicial Notice referenced in rhetorical paragraph 47 a certified letter was sent to the Office of the Indiana Attorney General under USPS Certified Receipt – *7020 3160 0001 0598 9489*. The letter was

titled "Re: Constitutional Question – Cause #34D01-1904-MF-001144 in the Howard Superior Court 1." Among other things the following questions were asked: "(15) Does IC 34-9-1-1(c) prevail over the United States Constitution? (16) Does IC 34-9-1-1(c) prevail over the Supreme Court of the United States? (17) Should Defendant Kimbrough be denied his right to self-representation of his interests in these matters?"

30. On 7/1/2022 Plaintiff Fortune Companies, through attorney Hilligoss filed a Motion to Strike multiple filings by Defendants'. In Plaintiff's Motion attorney Hilligoss said the following "JMC Property Group, LLC, and Kipcor 219, LLC, are limited liability companies and not individuals." (*See Motion ¶ 4*). Further, Plaintiff said "**Pursuant to Indiana Code 34-9-1-1(c),** corporations and limited liability companies cannot represent themselves in legal proceedings, other than certain small claims matters, without counsel." (*See Motion ¶ 5*). Lastly, "The Answer to Plaintiff's Motion to Strike and the Judicial Notice fail to comply with Indiana Code 34-9-1-1(c), in that they were filed by limited liability companies representing themselves by and through their member or managing member, Kimbrough." (*See Motion ¶ 6*)

31. On 7/8/2022 Defendants Joey Kimbrough, JMC Property Group, LLC, and Kipcor 219, LLC, filed an *Answer to Plaintiff's Second Amended Complaint to Foreclose Judgment lien on Real Estate and Counterclaim of Joey Kimbrough, JMC Property Group, LLC, and Kipcor 219, LLC*.

32. On 7/9/2022 Plaintiff Fortune Companies, Inc. filed a Motion to Strike Defendants' Answer to Second Amended Complaint and Counterclaim. Among other reasons Plaintiff stated "JMC Property Group, LLC, and Kipcor 219, LLC, are limited liability companies and not individuals." (*See Motion ¶ 4*). Plaintiff also stated, "**Pursuant to Indiana Code 34-9-1-1(c),** corporations and limited liability companies cannot represent themselves in legal proceedings, other than certain small claims matters, without counsel." (*See Motion ¶ 5*).

33. On 7/17/2022 Defendants filed a *Motion to Amend Answer to Plaintiff's Second Complaint to Foreclose and Motion for Leave to Amend Counterclaim and Cross-Claim of Joey Kimbrough, JMC Property Group, LLC, and Kipcor 219, LLC*.

34. On 7/17/2022 Joey Kimbrough filed a *Motion for Intervention of Right* pursuant to Indiana Trial Rule 24(A)(2) claiming an interest in the subject property and JMC Property Group, LLC, and Kipcor 219, LLC.

35. On 7/20/2022 Order from the Court Granting Motion for Leave to Amend Plaintiff's Second Amended Complaint.

36. On 7/20/2022 three Orders from the Court: (1) Order Granting Motion to Strike, (2) Order Granting Motion to Strike, and (3) Order Granting Motion to Strike.

37. On 7/25/2022 Plaintiff's Second Amended Complaint to Foreclose Judgment Lien on Real Estate was filed.

38. On 7/26/2022 Defendants filed a *Motion for Leave to Amend Answer to Plaintiff's Second Amended Complaint to Foreclose Judgment Lien on Real Estate and Motion for Leave to Amend Counterclaim and Cross-claim of JMC Property Group, LLC, and Kipcor 219, LLC*.

39. On 7/29/2022 Plaintiff Fortune Companies, Inc., through attorney Hilligoss filed a *Motion to Strike*. Among other things Plaintiff stated, "JMC Property Group, LLC, and Kipcor 219, LLC, are limited liability companies and not individuals. (*See Motion ¶ 17*). Also stating, "Pursuant to Indiana Code 34-9-1-1(c), corporations and limited liability companies cannot represent themselves in legal proceedings, other than certain small claims matters, without counsel." (*See Motion ¶ 18*).

40. On 7/31/2022 Defendants filed an *Answer to Plaintiff's Second Amended Complaint and Counterclaim/Cross-claim*.

41. On 8/3/2022 Defendants filed an *Objection on Plaintiff's Motion to Strike*.

42. On 8/8/2022 Plaintiff Fortune Companies, Inc., through attorney Jeffrey Elftman filed a *Motion to Strike Defendants Answer to Plaintiff's Amended Complaint*. In that Motion, Fortune Companies and attorney Elftman stated, "JMC Property Group, LLC, and Kipcor 219, LLC, are limited liability companies and not individuals. (*See Motion ¶ 4*). Further, it was stated "**Pursuant to Indiana Code 34-9-1-1(c)**, corporations and limited liability companies cannot represent themselves in legal proceedings, other than certain small claims matters, without counsel." (*See Motion ¶ 5*)

43. On 8/9/2022 Defendants filed a *Response in Opposition to Plaintiff's Request for Motion to Strike*. Among other things Defendants stated "Admitted to the extent that IC 34-9-1-1(c) speaks for itself. Denied to Kimbrough not being able to represent his interests in both of these limited liability companies. Pursuant to the United States Constitution federal law supersedes conflicting state law. Kimbrough has waived his right to counsel and noticed the court the same. Further, Kimbrough has also filed appropriate **Motion to Intervene** pursuant to Indiana Trial Rules." (*See Defendants Response ¶ 5*). In Kimbrough's prayer he specifically asked that the Court "respectfully requests that this Court NOT strike the ANSWER TO PLAINTIFF"S AMENDED COMPLAINT filed August 1st, 2022." (*See prayer for relief*)

44. On 8/15/2022 Fang Rong, Wei Xi, and Honge Wang, through attorney David A. Jurkiewicz filed an *Answer to Second Amended Complaint to Foreclose Judgment Lien on Real Estate, Counterclaim and Cross-Claim*.

45. On 8/30/2022 Counterclaimant and Cross-Claim Plaintiff, JMC Property Group, LLC filed an *Answer to Second Amended Complaint to Foreclose Judgment Lien on Real Estate, Counterclaim and Cross-Claim and Answer to Honge Wang, Wei Xi, and Fang Rong Counterclaim/Cross-Claim*.

46. On 8/30/2022 Order Granting several pleadings by Defendants stricken.

47. On 9/1/2022 Counterclaimants and Cross-Claim Plaintiff's Fang Rong, Wei Xi, and Honge Wang filed a *Motion to Strike August 30, 2022 filing signed by Joey Kimbrough captioned "Answer to Second Amended Complaint to*

*Foreclose Judgment Lien on Real Estate, Counterclaim and Cross-Claim and Answer to Honge Wang, Wei Xi, and Fang Rong Counterclaim/Cross-Claim*". Counterclaimant and Cross-Claim Plaintiff's and attorney Jurkiewicz state "JMC is a limited liability company, and not an individual." (*See Motion ¶ 3*). Also, stated "**Pursuant to Ind. Code § 34-9-1-1(c)**, corporations and limited liability companies cannot represent themselves in legal proceedings, other than certain small claims matters, without counsel." (*See Motion ¶ 4*)

48. On 9/4/2022 Defendants filed an Objection to Counterclaimant and Cross-Claim Plaintiff's *Motion to Strike*. Defendants showed grounds for Objection relating to IC § 34-9-1-1(c) as "Denied and Objected to as Unconstitutional."

49. On 9/4/2022 Plaintiff Fortune Companies, Inc., through attorney Elftman filed a *Motion to Strike* several of Defendants pleadings. Stating "JMC Property Group, LLC, and Kipcor 219, LLC, are limited liability companies and not individuals. (*See Motion ¶ 5*). Further, **Pursuant to Indiana Code § 34-9-1-1(c)**, corporations and limited liability companies cannot represent themselves in legal proceedings, other than certain small claims matters, without counsel." (*See Motion ¶ 6*).

50. On 9/6/2022 Defendants filed an *Objection on Plaintiff's Motion to Strike filed 9-4-22 and Motion to Strike*.

51. On 9/9/2022 Plaintiff Fortune Companies, Inc., through attorney Elftman filed a *Standing Objection and Motion to Strike*. In that Objection/Motion it was stated "Numerous pleadings have been filed in this matter on behalf of

JCM (sic) Property Group LLC and Kipcor 219 LLC.  (*See Motion ¶ 1*). Further, "No attorney has appeared on behalf of these created non-individual entities." (*See Motion ¶ 2*). "**Pursuant to Indiana Code 34-9-1-1(c)**, corporations and limited liability companies cannot represent themselves in legal proceedings, other than certain small claims matters, without counsel." (*See Motion ¶ 3*). "To avoid the expense and necessity of filing a responsive pleading to each and every improper filing made on behalf of Kipcor 219 LLC and JCM (Sic) Property Group LLC Plaintiff now files this standing objection and motion to strike asking the Court to strike any and all pleadings filed on behalf of such Defendant's unless such pleadings are **filed by an attorney as required by Indiana Code.**"  (*See Motion ¶ 4*).

52. On 9/9/2022 Order by the Court Granting Plaintiff's *Motion on Standing Objection and Motion to Strike*.  The Honorable Judge Menges said "It is therefore ORDERED that all pleadings filed on behalf of Kipcor 219 LLC and JCM (Sic) Property Group shall be struck until such time as an attorney appears on behalf of such entities as required by Indiana Code."  (*See Order dated 9/9/2022*).

53. On 9/9/2022 Kipcor 219 LLC and JMC Property Group LLC were barred from entering pleadings and papers on their behalf on the grounds of IC 34-9-1-1(c) therefore violating the Fourteenth Amendment of the United States Constitution.

54. On seven (7) separate occasions JMC Property Group LLC and Kipcor 219 LLC by and through Joey Kimbrough entered and filed pleadings and papers in the Howard County Superior Court under the cause number ***34D01-1904-MF-001144.*** As a result of each of the filings attorney Hilligoss, attorney Elftman, and/or attorney Jurkiewicz filed a Motion to Strike citing IC 34-9-1-1(c) indicating JMC Property Group LLC and Kipcor 219 LLC should not be heard as Kimbrough is not a licensed attorney. The Honorable Judge Menges concurred with each of the Motions' and struck all pleadings and papers filed by JMC Property Group LLC and Kipcor 219 LLC.

55. All state actors have successfully kept JMC Property Group LLC and Kipcor 219 LLC from entering any pleadings in the matters based on IC 34-9-1-1(c).

56. JMC Property Group LLC has never been heard in the proceedings and Kipcor 219 LLC has not been heard since the filings by Kimbrough beginning in March of 2022.

57. All "Other" parties except for JMC Property Group LLC and Kipcor 219 LLC ("non-heard parties") have agreed and settled the State matter with the blessing of the State Court Judge.

58. There is a pending Sherriff Sale of the subject property listed in the State cause scheduled for April 11th, 2023, at 2:00PM.

### V. LEGAL CLAIMS

59. The seizure of Plaintiffs real property pursuant to IC § 34-9-1-1(c) is, and will continue to be, a violation of Due Process under the Fourteenth Amendment to the United States Constitution.

## VI.   REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request that this Honorable Court:

1. Accept jurisdiction of this case and set it for hearing at the earliest opportunity.
2. Enter a declaratory judgment stating that the seizure of real property pursuant to IC § 34-9-1-1(c) violates the Fourteenth Amendment to the United States Constitution.
3. Enter a preliminary injunction, later to be made permanent, enjoining Defendants from seizing real property pursuant to IC § 34-9-1-1(c) and allowing the proper parties to argue their case without the State requirement of an attorney.
4. Award Plaintiffs their costs of this action.
5. Award Plaintiffs all other just and proper relief.

Respectfully submitted,

JMC PROPERTY GROUP, LLC
KIPCOR 219 LLC
and JOEY KIMBROUGH

Dated: March 5th, 2023                      By:     /s/ *Joey Kimbrough*
                                                    Joey Kimbrough
                                                    Plaintiff, Pro Se
                                                    Joeykokomo2002@yahoo.com
                                                    (765) 437-8451

## CERTIFICATE OF SERVICE

I hereby certify that on March 5th, 2023, a copy of the foregoing was filed through email with the Clerk of this Court as is required by Pro Se litigants. It was also mailed through USPS certified mail with a signature required pursuant to all summons issued. A courtesy copy was also mailed to the Indiana Attorney General at the following address:

Office of the Indiana Attorney General
Indiana Government Center South
c/o Jefferson Garn, Administrative and Regulatory Enforcement Litigation Section
302 W. Washington St., 5th Floor
Indianapolis, IN 46204