UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JMC PROPERTY GROUP, LLC, ) <br> KIPCOR 219 LLC, ) <br> JOEY KIMBROUGH, ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> v. ) <br>  ) <br> FORTUNE COMPANIES, INC., ) <br> WILLIAMS CHARLES MENGES JR, ) <br> THOMAS JOSEPH HILLIGOSS JR, ) <br> JEFFREY WALTER ELFTMAN, ) <br> DAVID JOSEPH JURKIEWICZ, ) <br>  ) <br> Defendants. ) | No. 1:23-cv-00390-JPH-MPB |

**ORDER**

This lawsuit reflects Joey Kimbrough's third attempt to halt or challenge an ongoing state court foreclosure action by bringing cases in federal court. For the following reasons, JMC Property Group, LLC, and Kipcor 219, LLC, **shall have until April 10, 2023**, in which to find counsel to represent them in this action. Mr. Kimbrough **shall have until April 10, 2023**, in which to file an amended complaint.

**I.   Prior lawsuits**

In 2019, Fortune Companies, Inc., initiated a mortgage foreclosure action in Howard County seeking foreclosure of a property as satisfaction for a default judgment entered against Kipcor 219, LLC.  *See Fortune Companies, Inc. v. Kipcor 219, LLC, et al.*, 34D01-1904-MF-001144.  In July 2022, Mr. Kimbrough removed the case to federal court on the basis that his counterclaim alleged

1

violations of the Constitution and federal law.  *See* 1:22-cv-1504-JRS-MG, docket no. 1 at 2.  District Judge James Sweeney remanded the case for lack of subject-matter jurisdiction.  *See* docket no. 5 (applying the well-pleaded complaint rule).

In September 2022, Mr. Kimbrough removed the same case again, this time seeking a preliminary injunction and emergency hearing based on his argument that the state court lacked jurisdiction over the foreclosure proceeding.  *See* 1:22-cv-1857-JRS-DLP, docket no. 2 at 4 ¶14.  Judge Sweeney remanded the case because (1) Mr. Kimbrough could not appear on behalf of the company-plaintiffs since he is not a lawyer; (2) removal was over three years late; and (3) it appeared that, even if removal had been timely, "the Notice of Removal is really an attempt to interfere with the ongoing state court proceedings that are not currently going well for Kimbrough, JMC Property Group, and Kipcor 219, running head-on into the *Younger v. Harris*, 401 U.S. 37 (1971), abstention doctrine."  Docket no. 4 at 2.

## II.   Screening

The Court has the inherent authority to screen the complaint.  *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").  The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted.  *See id.*  In screening a complaint, the Court applies the same standard as when

addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [The] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Moreover, "it is always a federal court's responsibility to ensure it has jurisdiction." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

Mr. Kimbrough alleges that he is a member of two limited liability companies, JMC Property Group, LLC and Kipcor 219, LLC. Dkt. 1 at 5 ¶23. In April 2019, Fortune Companies Inc., filed a foreclosure action in Howard County against a property in which JMC and Kipcor held an interest. *Id.*, at 4 ¶19. Beginning in March 2022, Mr. Kimbrough made repeated attempts to litigate on behalf of JMC and Kipcor. *See id.*, at 5 ¶24. Each time he attempted to file documents on their behalf, plaintiff's counsel objected under Indiana Code § 34-9-1-1(c) because Mr. Kimbrough is not an attorney. *See e.g., id.*, at 6–7, ¶25. That provision requires that, "[a] corporation and any organization required to make application to the secretary of state under IC 25-11-1-3 must appear by attorney in all cases" other than certain small claims matters. Ind. Code. § 34-9-1-1(c). In response to plaintiff's objections, Mr. Kimbrough argued that § 34-9-1-1(c) violated his due process rights. *See e.g.,*

3

*id.* at 7–12 ¶¶28, 43, 48.  Eventually, the state court judge entered an order that "all pleadings filed on behalf of [Kipcor and JMC] shall be struck until such time as an attorney appears on behalf of such entities as required by Indiana Code." *Id.*, at 13 ¶51.  A sheriff sale for the property involved in the foreclosure is set for April 11, 2023.  *Id.*, at 14 ¶58.

In advance of that sale, Mr. Kimbrough has filed the present lawsuit alleging that Fortune Companies, Inc., and its attorneys violated his due process rights by invoking Indiana Code § 34-9-1-1(c) in the ongoing foreclosure proceedings.  Dkt. 1.  However, many of the same issues that Judge Sweeney identified in these prior cases mean that this case, too, should likely be dismissed.

First, JMC and Kipcor must be dismissed as plaintiffs unless they are represented by a licensed attorney admitted to practice in this district.  As Mr. Kimbrough was warned by Judge Sweeney, and by the Judge in the underlying state court action, corporations and companies must be represented by an attorney.  *See* Ind. Code § 34-9-1-1(c); *DJM Logistics, Inc. v. FedEx Ground Package Sys., Inc.*, 39 F.4th 408, 415 (7th Cir. 2022).[1]  Thus, JMC and Kipcor **will be dismissed** as plaintiffs **after April 10, 2023**, unless a licensed attorney admitted to practice in this court appears and files a statement indicating his or her intent to represent them in this matter.

---

[1] The Court also notes warnings in two other cases where Mr. Kimbrough has attempted to appear on others' behalf even though he is not a licensed attorney.  *See* 1:22-cv-2438-RLY-MPB; 1:23-cv-372-JPH-KMB.

4

Turning to Mr. Kimbrough's claims, it appears that they too must be dismissed. To the extent that Mr. Kimbrough's due process claim challenges the state court's application of Ind. Code § 34-9-1-1(c), that claim must be dismissed for lack of jurisdiction under *Younger v. Harris*, 401 U.S. 37, 43–44 (1971) in light of the ongoing state court foreclosure proceedings. *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007) ("*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings.").

To the extent that Mr. Kimbrough seeks to bring a claim against Fortune and the defendant attorneys under 42 U.S.C. § 1983, such a claim must be dismissed because there is no indication that any of the defendants were state actors. *L.P. v. Marian Catholic High School*, 852 F.3d 690, 696 (7th Cir. 2017) ("The plaintiff must identify a sufficient nexus between the state and the private actor to support a finding that the deprivation committed by the private actor is 'fairly attributable to the state.'"). Finally, even if the Court were to consider his arguments that Ind. Code § 34-9-1-1(c) is unconstitutional, such a claim is unlikely to succeed as it is a well-settled rule in both the Seventh Circuit and Indiana courts that companies are "legally incapable of appearing in court unless represented by counsel—'corporations must appear by counsel or not at all.'" *Philos Technologies, Inc. v. Philos & D, Inc.*, 645 F.3d 851, 857–58 (7th Cir. 2011); *People for Community, Inc. v. City of Fort Wayne Neighborhood Code Compliance*, 198 N.E.3d 19, 23–25 (Ind. App. 2022).

5

The dismissal of the complaint will not lead to the dismissal of the action at present.  Instead, Mr. Kimbrough shall have **through April 10, 2023, in which to file an amended complaint**.  *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.").

An amended complaint should in essence tell the Court who did what when.  The amended complaint will completely replace the complaint filed at docket 1 and must conform to the following guidelines:

(a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ;"

(b) the amended complaint must include a demand for the relief sought;

(c) the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury; and

(d) the amended complaint must include the case number referenced in the caption of this Order, 1:23-cv-00390-JPH-MPB and have the words "Amended Complaint" on the first page.

If an amended complaint is filed as directed, it will also be screened.  If no amended complaint is filed, this action will be dismissed for the reasons set forth above and final judgment entered without further notice.

### III.  Warning regarding future filings

Mr. Kimbrough has established a pattern of seeking to represent individuals and entities in federal court.  *See e.g.,* 1:23-cv-372-JPH-KMB; 1:22-

6

cv-2438-RLY-MPB; 1:22-cv-1504-JRS-MG; 1:22-cv-1857-JRS-DLP.  He has been warned in each lawsuit that this practice it not permitted because he is not a licensed attorney.  **Mr. Kimbrough** is **ORDERED** to refrain from making any future filings on behalf of another party in this case or in any other case in this court unless he is a bona fide party to the case.  Failure to comply with this order may result in monetary or other sanctions and may result in referral of Mr. Kimbrough's practices to the Chief Judge for any action she deems appropriate.

IV.     **Conclusion**

Therefore, JMC Property Group, LLC, and Kipcor 219, LLC **shall have until April 10, 2023**, in which to find counsel to represent them in this action.[2]  Mr. Kimbrough **shall have until April 10, 2023**, in which to file an amended complaint.  Failure to take either action will result in this case being dismissed without further notice.

**SO ORDERED.**

Date: 3/14/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JOEY KIMBROUGH
1712 Candy Court South
Kokomo, IN 46902

---

[2] No addresses have been provided for JMC Property Group, LLC, or Kipcor 219, LLC.