UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JMC PROPERTY GROUP, LLC, ) <br> KIPCOR 219 LLC, ) <br> JOEY KIMBROUGH, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> FORTUNE COMPANIES, INC., ) <br> WILLIAMS CHARLES MENGES JR, ) <br> THOMAS JOSEPH HILLIGOSS JR, ) <br> JEFFREY WALTER ELFTMAN, ) <br> DAVID JOSEPH JURKIEWICZ, ) <br> ) <br> Defendants. ) | No. 1:23-cv-00390-JPH-TAB |

**ORDER**

Joey Kimbrough alleges that Fortune Companies, Inc., and its attorneys violated his due process rights by invoking Indiana Code § 34-9-1-1(c) in state court foreclosure proceedings. Dkt. 1. The Court screened and dismissed the complaint under its inherent authority and granted Mr. Kimbrough leave to file an amended complaint. Dkt. 6. Mr. Kimbrough has filed a "Motion to Correct Error" under Federal Rule of Civil Procedure 59. For the reasons that follow, the motion is **DENIED**, dkt. [10], and this case is **DISMISSED**.

**A. Background**

On March 14, 2023, the Court screened the complaint and concluded that Mr. Kimbrough and the company-plaintiffs, JMC Property Group LLC and Kipcor 219 LLC, could not proceed with this lawsuit for a number of reasons. Among other issues, the Court found it lacked jurisdiction under *Younger v.*

1

*Harris*, 401 U.S. 37 (1971), and that Mr. Kimbrough could not represent the company-plaintiffs because he is not a licensed attorney. *See* dkt. 6. The Court gave JMC and Kipcor until April 10, 2023 in which to find counsel to represent them in this matter. *Id.* at 7. The Court gave Mr. Kimbrough until April 10, 2023, in which to file an amended complaint. *Id.* The Court also warned Mr. Kimbrough that his repeated practice of seeking to represent other individuals and companies "may result in monetary or other sanctions and may result in referral of Mr. Kimbrough's practices to the Chief Judge for any action she deems appropriate." *Id.* Mr. Kimbrough then sought an extension of time to respond, which was granted, making the new deadline to comply May 9, 2023. Dkt. 8, dkt. 9.

Instead of filing an amended complaint or retaining counsel to represent the company-plaintiffs, on May 9, Mr. Kimbrough filed a "Motion to Correct Error". Dkt. 10.

### B. Motion to Correct Error

Mr. Kimbrough asserts that his motion is filed under Federal Rule of Civil Procedure 59. Dkt. 10. However, Rule 59 applies only when the Court has entered judgment in a case. *See* Fed. R. Civ. P. 59(e). Here, the Court dismissed the complaint but granted leave to file an amended complaint. Dkt. 6. Therefore, no judgment has been entered in this case and the motion is **DENIED**. Dkt. [10]. But even if the Court were to consider his arguments, none have merit.

First, Mr. Kimbrough argues that the Court lacked authority to "dismiss the complaint *sua sponte* for failure to state a claim" citing *Luevano v. Wal-Mart Stores*, Inc., 722 F.3d 1014, 1028 (7th Cir. 2013). Dkt. 10 at 2. But in *Luevano* the district court had dismissed the entire case at screening without granting leave to amend. 722 F.3d at 1022–24. The Seventh Circuit held that the proper procedure was to allow plaintiffs an opportunity to amend. *Id.* That is exactly what the Court did here. *See* dkt. 6 at 7. It was Mr. Kimbrough's decision to file an improper Rule 59 motion instead of an amended complaint.

Second, Mr. Kimbrough again raises the argument that Kipcor and JMC should not be dismissed as plaintiffs even though they are not represented by a licensed attorney. Dkt. 10 at 4–5. He argues there is "NO federal law or act of Congress that directly grants attorneys a license to practice law" so the federal court should not require company-plaintiffs to be represented by counsel. *Id.* However, the Seventh Circuit has noted that "only an attorney" can represent s company in federal court. *DJM Logistics, Inc. v. FedEx Ground Package Sys., Inc.*, 39 F.4th 408, 415 (7th Cir. 2022). Mr. Kimbrough is not an attorney. Therefore, the Court will not reconsider its decision to order Kipcor and JMC to obtain counsel or face dismissal.

Third, Mr. Kimbrough argues the Court should not have dismissed the complaint because it has federal question jurisdiction over it. Dkt. 10 at 3. However, simply because a complaint may fall within the Court's subject-matter jurisdiction does not always mean the complaint has properly stated a claim or that the Court should not abstain from considering the claim for some

3

other reason. As relevant in this case, *Younger* instructs district courts to "abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007). Here, Mr. Kimbrough has recently appealed the decision in the underlying foreclosure case to the Indiana Court of Appeals, so it appears the case is ongoing. *See Kimbrough v. Fortune Companies, Inc.*, Case No. 23A-MF-01043 (filed May 10, 2023).

While Mr. Kimbrough is correct that abstention may not be necessary when the underlying state action is not "judicial in nature", dkt. 10 at 5–6 (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423 (1982) and *Kelm v. Hyatt*, 44 F.3d 415 (6th Cir. 1995)[1]), he offers no argument for why the underlying foreclosure suit and appeal are not "judicial in nature." *See Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007) ("administrative proceedings are judicial in nature when they are coercive, such as state enforcement proceedings."). Thus, Mr. Kimbrough has not offered a compelling reason for the Court to reconsider its conclusion that it should abstain under *Younger*. Dkt. 10 at 5.

Finally, Mr. Kimbrough cites *Dennis v. Sparks*, 449 U.S. 24 (1980), in support of his argument that his § 1983 due process claim could proceed if Defendants "acted in concert" with the state court to deny him the right to represent Kipcor and JMC. Dkt. 10 at 6–7. But in *Dennis*, the Supreme Court

---

[1] The Court notes that Mr. Kimbrough cites this as a Seventh Circuit case, dkt. 10 at 5, but the case was decided by the Sixth Circuit.

4

explained that "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co–conspirator or a joint actor with the judge." 449 U.S. at 28. Instead, the plaintiff was only able to proceed with a court-action-related § 1983 claim because it alleged "that an official act of the defendant judge was the product of a corrupt conspiracy involving bribery of the judge." *Id.* Mr. Kimbrough has made no allegation of bribery or corruption in this case. Dkt. 1. Therefore, the Court declines to reconsider its conclusion that he has not alleged a § 1983 claim against Defendants.

\* \* \*

In sum, Mr. Kimbrough has not provided a convincing argument for why this Court should reconsider the dismissal of his complaint. Therefore, the Motion to Correct Error is **DENIED**. Dkt. [10].

Mr. Kimbrough has not filed an amended complaint despite being given an extension of time to do so. Similarly, the deadline for JMC and Kipcor to find counsel to represent them has passed. Therefore, with no operative complaint, this case must be **DISMISSED** without prejudice for the reasons explained in the Screening Order, dkt. 6, and in this Order.

The motion for preliminary injunction is **DENIED as moot**. Dkt. [5].

Final judgment consistent with both Orders shall issue by separate entry.

**SO ORDERED.**

Date: 5/18/2023

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JOEY KIMBROUGH
1712 Candy Court South
Kokomo, IN 46902